OPINION
{¶ 1} Defendant-appellant David Fischbach ("Fischbach") appeals the October 2, 2002 Memorandum of Decision and Judgment Entry of the Licking County Court of Common Pleas, which overruled his objections to the magistrate's March 29, 2002 Decision, and approved said decision. Appellees are plaintiff Kilcoyne Properties, LLC ("Kilcoyne") and defendant/cross-claimant John Maberry ("Maberry").
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On June 28, 1995, Fischbach and Ken Little entered into a lease agreement involving commercial property located at 8282 National Road, SW, rear, Pataskala, Ohio. The term of the lease was five years and provided Fischbach with a five year renewal option at the end of the original term. Prior to the expiration of the original lease term. On July 24, 1998, Little sold the property to Kilcoyne.
{¶ 3} Fischbach negotiated a new lease agreement with Kilcoyne to maintain his auto restoration business on the commercial premises. The new lease agreement provided for an initial term of two years with an option to renew for an additional five years. The parties executed this agreement on July 31, 1998. Although the lease permitted Fischbach to sublease the premises, the agreement provided the lease would become null and void if Fischbach decided to sell the business.
{¶ 4} Shortly thereafter, Fischbach hired real estate agent Robin Long to list the business for sale or lease. On December 24, 1998, Fischbach entered into a sublease with Maberry for a three year term with an option to renew for an additional three years. The initial rent amount of the sublease was $1,050/month with payments due on the first of each month. The sublease provided the rent amount would increase in $50 increments every six months, but the total rent due would not exceed $1,250/month for the first three years. If Maberry renewed the lease for an additional three years, the sublease provided the rent rate would not exceed "two-hundred and fifty dollars from the end of the first year lease term." Maberry and Fischbach dispute the meaning of this language.
{¶ 5} In a letter dated July 12, 2000, Fischbach advised Kilcoyne of his desire to exercise his option to renew the lease with Kilcoyne for an additional five years. Kilcoyne refused to recognize the renewal notice. Kilcoyne filed a declaratory judgment action in the Licking County Court of Common Pleas on October 9, 2000, seeking a declaration of the rights and obligations of Kilcoyne and Fischbach under the lease agreement. Kilcoyne filed its first amended complaint on December 11, 2002, adding Maberry as a defendant. Maberry filed a timely answer to the amended complaint and a cross-claim against Fischbach. Maberry requested the trial court permit him to deposit the rents due under the sublease into an escrow account with the Clerk of Courts. Via Judgment Entry filed February 22, 2001, the trial court ordered Maberry to deposit all future rent payments relative to the sublease into the court. During the pendency of the matter, Maberry deposited $4,600 with the court.
{¶ 6} The matter came on for hearing before the magistrate on March 11, 2002. The magistrate issued her Decision with Findings of Fact and Conclusions of Law on March 29, 2002. The parties filed separate objections to the magistrate's decision. Via Memorandum of Decision and Judgment Entry filed October 2, 2002, the trial court overruled all the objections and affirmed the magistrate's decision.
{¶ 7} It is from this judgment entry Fischbach appeals, raising the following assignments of error:
{¶ 8} "I. Trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "the lease between Mr. Little and defendant Fischbach is not relevant to the issues before the court, and need not be discussed further.
{¶ 9} "II. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "the lease between plaintiff and defendant Fischbach is invalid because it does not comply with R.C. 5301.01.
{¶ 10} "III. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "a month to month tenancy was created" as a result of the defectively executed lease between plaintiff-appellee Kilcoyne Properties, LLC and defendant-appellant Fischbach.
{¶ 11} "IV. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "the doctrine of part performance is not available to remove the lease agreement from the statute of conveyances.
{¶ 12} "V. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "defendant Fischbach's failure to provide a copy of his insurance certificate does constitute a breach of the lease.
{¶ 13} "VI. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "defendant Fischbach lost his right to exercise his option to renew the lease for five years" once the trial court determined that the lease agreement was converted to a month to month tenancy.
{¶ 14} "VII. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "the sublease between defendant Fischbach and defendant Maberry was improperly executed under R.C. 5301.01.
{¶ 15} "VIII. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded as a matter of law that "defendant Maberry did not breach the lease by paying an improper amount of rent under the sublease.
{¶ 16} "IX. The trial court erred to the prejudice of defendant-appellant Fischbach when it concluded that "the rent for the months of January, February, and March for 2002, was due in the amount of $250.00 per month.
{¶ 17} "X. The trial court erred to the prejudice of defendant-appellant Fischbach when it failed to award defendant Fischbach monies held by the clerk of courts in Escrow.
 X.
{¶ 18} Because we find Fischbach's tenth assignment of error to be dispositive of the instant action, we shall address said assignment of error first.
{¶ 19} In its October 2, 2002 Memorandum of Decision and Judgment Entry, the trial court found Maberry had paid Fischbach $45,706.50 in rent, but Maberry only owned $44,450 in rent under the terms of the lease. The trial court ordered Fischbach to return the overpayment of $1,256.50 to Maberry. The $45,706.50 figure calculated by the trial court included $4,600 in monies deposited with the Clerk of Courts. The trial court did not, however, make any ruling relative to the distribution of those escrowed funds. As a result, we find the trial court's October 2, 2002 Memorandum of Decision and Judgment Entry does not constitute a final appealable order.
By: Hoffman, P.J. Edwards, J. and Boggins, J. concur.